FILED'09 JAN 29 11:42USDC-LAE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

HEATHER L. MITCHELL AND     *
MICHAEL MITCHELL         *
          PLAINTIFFS   *
                  *   CIVIL ACTION NO. **09 - 0801**
VS.                   *   **SECT D MAG 3**
                  *
NCO FINANCIAL SYSTEMS, INC.   *   COMPLAINT AND
                  *   DEMAND FOR A JURY TRIAL
        DEFENDANT   *

## COMPLAINT

### I. Introduction

1.   This is an action for damages brought by individual consumers for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.

### II. JURISDICTION

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k, 28 U.S.C. §§ 1331 and 1337.

### III. PARTIES

Fee 350
✓ Process
X Dktd
___ CtRmDep
___ Doc. No.

1

3.     Plaintiffs, Heather L. Mitchell ("Mrs. Mitchell") and Michael Mitchell ("Mr. Mitchell") (collectively referred to as "plaintiffs"), are each natural persons over the age of majority who reside in St. Tammany Parish, and are each a "consumer" as defined by 15 U.S.C. § 1692a(3). Mr. and Mrs. Mitchell are married to each other.

4.     Defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO" or "defendant") is a foreign corporation doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is CT Corporation System, 5615 Corporate Boulevard, Baton Rouge, LA 70808.  NCO, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

### IV. FACTUAL ALLEGATIONS

4.     On December 18, 2008, an employee of Defendant NCO telephoned Plaintiff Heather Mitchell's father, Walter Williams, about a debt that the Plaintiff Heather Mitchell allegedly owed to Citibank (South Dakota), N.A. in the amount of approximately $7,255.84.

6.     This debt arose from a "Home Depot" credit card issued to Plaintiff Heather L. Mitchell that was used solely for personal, family and household purposes.

7.     Mr. Williams directed the employee of Defendant to contact Plaintiff Michael Mitchell on his cell phone.

7.     Defendant's employee informed Mr. Williams that thirty percent (30%) of Plaintiff Michael Mitchell's gross income would be garnished to satisfy the collection of the alleged debt.

8.     Defendant's employee further stated that Plaintiff Michael Mitchell would be served with a legal citation at his place of employment at noon the next day.

2

9.      The employee of Defendant then left a message on Plaintiff Michael Mitchell's voice mail, informing Mr. Mitchell that the St. Tammany Parish courts had become involved in the collection of the alleged debt, and that Mrs. Mitchell's employer would be contacted about the alleged debt.

11.     Plaintiff Michael Mitchell subsequently spoke with Defendant's employee, who told Mr. Mitchell that he would be sued if he did not agree to a settlement by noon that day.

12.     Plaintiff Michael Mitchell therefore authorized an electronic payment of three thousand six hundred twenty-seven dollars ($3,627.00) to be withdrawn from his bank account on December 29, 2008.

13.     On December 23, 2008, Chip Cosse, an attorney in Metairie, Louisiana, contacted Defendant and informed Defendant that he would be representing Plaintiffs in any attempts by the Defendant to collect the alleged debt.

14.     On December 24, 2008, Plaintiff Heather L. Mitchell spoke with Michelle Morris, a Division Manager employed by Defendant, and cancelled the December 29, 2008 electronic payment.

15.     Defendant's employee Michelle Morris informed Plaintiff Heather L. Mitchell that Plaintiffs would be sued for the alleged debt if they did not agree to authorize two electronic payments to Defendant of one thousand eight hundred thirteen dollars and seventy cents ($1,813.75) each by December 26, 2008.

16.     Plaintiff Heather L. Mitchell contacted Defendant on December 26, 2008 and informed Defendant that the Plaintiffs did not wish to enter into the proposed settlement of the alleged debt.

3

## DEFENDANT'S PRACTICES

17.     Defendant NCO violated numerous provisions of the FDCPA including but not limited to sections 1692c(a)(2), 1692c(b), 1692e, 1692e(4), 1692e(5), 1692e(10).

18.     Plaintiffs have suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress, for which they should be compensated in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in their favor and against Defendant NCO Financial Systems, Inc. for:

a.     Additional damages for each plaintiff;

b.     Actual damages for each plaintiff;

c.     Attorney fees, litigation expenses and costs; and

d.     Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiffs
Bar Roll Number:  20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number:  (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com